FILED
5/4/2020
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In Re the | No. 79566-0-I |
| GUST RAKUS CREDIT TRUST & GUST RAKUS MARITAL TRUST under will admitted to probate in King County Case No. 03-4-05121-4 SEA. | DIVISION ONE |
| | UNPUBLISHED OPINION |
| DIANNA RAKUS, Appellant, | |
| v. | |
| THOMAS RAKUS, SUCCESSOR TRUSTEE OF THE GUST RAKUS CREDIT TRUST & MARITAL TRUST, Respondent. | |

LEACH, J. — Dianna Rakus appeals the trial court's order approving the final report and petition for distribution entered in the settlement of a trust established by her late father, Gust Rakus. Finding no error, we affirm.

FACTS

Gust and Anna Rakus had three children during their marriage: Thomas, Dianna, and Jamee.[1] After Gust's death, Anna became the personal representative of his estate. Gust's will established a testamentary Credit Trust and named Anna as the Trustee. The purpose of the trust was to support Anna

---

[1] Because they share the same last name, we refer to the parties by first name for clarity.

Citations and pincites are based on the Westlaw online version of the cited material.

during her lifetime. Gust's will named Thomas as the successor Trustee and all three children as the Trust's remainder beneficiaries.

Anna died testate in 2017. Her will, executed in 2012, named Thomas as the personal representative of her estate. Her will also designated Thomas and Jamee as beneficiaries and disinherited Dianna.

In 2018, Thomas prepared to close the sale of his parent's marital home. Jamee, a licensed real estate agent, asked a title company, Stewart Title, to identify the titleholder. Stewart Title told Jamee that the title was vested equally in Anna's estate and in the Credit Trust.

The title company based its determination of joint ownership on a special warranty deed Anna executed in 2005. That deed states, in relevant part:

> The Grantor, ANNA RAKUS, individually and as Personal Representative of the ESTATE OF GUST RAKUS a/k/a GUST PETER RAKUS (the "Estate"), for and in consideration of partial distribution of the Estate, hereby grants, bargains, conveys, warrants and confirms to Grantee, ANNA RAKUS, Trustee of the Credit Trust established pursuant to Article 4 of the Last Will and Testament of GUST P. RAKUS, any interest the Grantor of the Estate may have in that certain property located at 3704 Belvidere Avenue SW, WA 98126, including, as to said interest, any after acquired right, title and interest in and to the said real property more particularly described as follows: ….

Anna signed the deed in her capacity as the "Personal Representative of the Estate of Gust P. Rakus" and not in her individual capacity.

On July 23, 2018, Thomas executed a deed conveying the home to a third-party in his capacity as Trustee of the Credit Trust and Personal Representative of Anna's estate. In October 2018, Thomas, as Trustee, filed in superior court a final

report and accounting of the Credit Trust. That report showed the proceeds of the house sale divided between the Trust and Anna's estate, based on joint ownership with Anna's estate, and distributed the Trust's assets equally among the three children.[2] Thomas then filed a petition for approval of the final report and for a decree of distribution closing the trust.

In November 2018, Dianna, a trust beneficiary, objected to Thomas's final report. She claimed that Thomas had "no lawful basis for the transfer" of one half of the proceeds from the marital home sale to Anna's estate of which Dianna was not a beneficiary. She asserted that Thomas's conduct resulted in a reduction of trust assets in violation of his fiduciary duties to the Trust.

In response, the Trustee provided the court with the title company's determination of ownership. This evidence showed that the title company construed the 2005 deed as transferring only the property interest of Gust's estate to the Credit Trust (a one half interest in whole). According to the title company, Anna retained her individual property interest, because while she did appear "individually" in the grantor clause, the deed was never signed by Anna Rakus in her individual capacity. The Trustee also asserted that Dianna's objections, premised on arguments about the effect of the 2005 deed, were barred by the statute of limitations.

---

[2] The difference between full ownership and 50 percent ownership diminished the Credit Trust assets by $432,500.

3

After a hearing, the trial court granted an order approving the final report and accounting and decree of distribution. The court later denied Dianna's motion for reconsideration.

ANALYSIS

Dianna challenges the court's order approving the Trustee's final report and accounting.

As an initial matter, we note that neither party adequately addresses the standard of review. Washington's Trust and Estate Dispute Resolution Act (TEDRA) gives the courts "full and ample" power and authority to administer and settle all estate and trust matters.[3] When TEDRA is inapplicable, insufficient, or doubtful with reference to the administration and settlement of a trust or estate matter,

> …the court nevertheless has full power and authority to proceed with such administration and settlement in any manner and way that to the court seems right and proper, all to the end that the matters be expeditiously administered and settled by the court.[4]

We review de novo a trial court's decisions regarding trust and estate matters but defer to the trial court on factual matters.[5]

With regard to another threshold issue, we disagree with the Trustee's contention that the statute of limitations bars Dianna's objections to the final report

---

[3] RCW 11.96A.020(1)(a)(b); In re Riddell, 138 Wn. App. 485, 492, 157 P.3d 888 (2007).

[4] RCW 11.96A.020(2); In re Irrevocable Trust of McKean, 144 Wn. App. 333, 343, 183 P.3d 317 (2008).

[5] Riddell, 138 Wn. App. at 491-92; In re Estate of Black, 116 Wn. App. 476, 483, 66 P.3d 670 (2003).

and accounting.  The Trustees' Accounting Act, chapter 11.106 RCW, sets forth procedures for court review of the accounting of receipts and disbursements of trusts.[6]  Under that statute, when a trustee files an accounting, whether at its own election or the court's direction, the court issues a detailed notice and requests that objections be filed before a certain date ("the return date").[7]  Before this date, "any beneficiary of the trust may file the beneficiary's written objections or exceptions to the account filed or to any action of the trustee or trustees set forth in the account."[8]  The record in this case does not indicate the return date specified by the court, and nothing in the record suggests that Dianna's objections did not comply with the schedule set by the court.

The Trustee maintains that Dianna's "claims" were untimely under RCW 4.16.020(1), which provides for a 10-year statute of limitations in actions "for the recovery of real property, or for the recovery of the possession thereof."  But, while Dianna's objection to the Trustee's accounting clearly turns on her interpretation of the 2005 deed, this argument does not transform her objection into an action to recover or possess real property.

Turning to the merits of Dianna's appeal, RCW 11.106.070 grants to the superior court authority to review a trustee's final report and accounting.  The statute provides, in relevant part:

> [I]f so requested by one or more of the parties, the court without the intervention of a jury and after hearing all the evidence submitted shall determine the correctness of the account and the validity and

---

[6] Anderson v. Dussault, 181 Wn.2d 360, 366, 333 P.3d 395 (2014).
[7] RCW 11.106.050.
[8] RCW 11.106.060.

propriety of all actions of the trustee or trustees set forth in the account including the purchase, retention, and disposition of any of the property and funds of the trust, and shall render its decree either approving or disapproving the account or any part of it, and surcharging the trustee or trustees for all losses, if any, caused by negligent or willful breaches of trust.[9]

Dianna does not discuss this provision. Instead, she relies on legal authority involving fraudulent transfers and foreclosure proceedings that are neither helpful nor analogous to the circumstances here.[10] Dianna also argues the trial court was required to "enforce" the deed or "reform" the "scrivener's error" in the deed to effectuate Anna's intent to transfer her individual interest in the marital home to the Credit Trust.

Dianna's arguments rest on the faulty premise that the 2005 deed manifests an "unmistakable" intent to convey both Gust's estate interest and Anna's individual interest in the property to the Credit Trust. To the contrary, there was a conflict between the grantor clause and Anna's signature that made the deed ambiguous as to her intent to convey her individual interest. On the other hand, the deed clearly evinced an intent to transfer the interests of Gust's estate to the Credit Trust.

Dianna maintains that the court invalidated the 2005 deed. She misapprehends the court's ruling. This was not a quiet title action or any other proceeding that required the court to determine a party's rights with respect to real

---

[9] RCW 11.106.070.
[10] Clearwater v. Skyline Constr. Co., Inc., 67 Wn. App. 305, 835 P.2d 257 (1992), OneWest Bank, FSB v. Erickson, 185 Wn.2d 43, 56, 367 P.3d 1063 (2016).

property. The only matter before the court was the motion to approve the Trustee's final report and accounting and allow disbursement of the Credit Trust's assets. To be sure, in order to evaluate the "correctness," "validity," and "propriety" of the Trustee's actions and accounting, the court was required to determine whether it was appropriate to equally divide the proceeds from the sale of the marital home between the Credit Trust and Anna's estate.[11] The allocation was reasonable in this case given the language of the deed and the vesting of the title in both the Credit Trust and Anna's estate. A trustee is entitled to rely on professional recommendations in the performance of the trustee's duties so long as the trustee uses reasonable care in this reliance.[12] The deed and the title company's treatment of it provided a substantial and objectively reasonable basis to support the Trustee's report and accounting.

Dianna argues that the court erred by considering the evidence submitted by the Trustee about the title company's interpretation of the deed. She claims that the title company's "opinions as to the ultimate issue of fact" were inadmissible and unhelpful to the trier of fact. But, nothing in the record indicates that Dianna preserved her evidentiary objection by raising it below. She failed to preserve this claim of error.[13]

Even if Dianna had objected, we find no error in the court's consideration of the evidence that the Trustee relied upon. ER 704 explicitly provides that

---

[11] RCW 11.106.070.

[12] RCW 11.98.070(27); Allard v. Pacific Nat'l Bank, 99 Wn.2d 394, 406, 663 P.2d 104 (1983).

[13] RAP 2.5(a).

"[t]estimony in the form of an opinion or inferences otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." And, trial courts have broad discretion in determining admissibility of evidence going to an ultimate issue.[14] Evidence that the title company gave effect to the 2005 deed by vesting title in both the Credit Trust and Anna's estate was unquestionably relevant to the court's review of the Trustee's accounting under RCW 11.106.070.

We affirm the order granting approval of the final report and accounting and decree of distribution.

_Leach, J._

WE CONCUR:

_Chun, J._          _Mann, C.J._

---

[14] City of Seattle v. Heatley, 70 Wn. App. 573, 579, 854 P.2d 658 (1993).